## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| **ROSS MATTHEW CATAFFO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 2:25-00524** |
| ) | |
| **JACKSON COUNTY POLICE DEPT.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### O R D E R

On September 2, 2025, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Costs and a Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Jackson County Police Department; (2) Leah Macia, Public Defender; and (3) Rodger Lambert, Public Defender. (Document No. 2.) Plaintiff's allegations, however, are vague and conclusory. (Id.)

Since Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Drummond v. South Carolina Department of Corrections, 2012 WL 5077575, *3 (D.S.C. Oct. 1, 2012)(citing Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)); also see Miller v. Jack, 2007 WL

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2050409, at *3 (N.D.W .Va. 2007)("Liberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Accordingly, if Plaintiff wishes to proceed with his Section 1983 claim, he should amend his Complaint to state specific facts as to how each defendant violated his constitutional rights. Plaintiff's Amended Complaint should identify each individual the Plaintiff seeks to name as a defendant. **Plaintiff must also state what constitutional, statutory or common law rights he believes each defendant has violated _and_ support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.**

Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his Complaint (Document No. 2), or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will supersede the initial Complaint (Document No. 2), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them.

Plaintiff is **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure, he should include a caption of the case with the names of the parties, and he should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" and each type of claim, if more than one, should be set out in a separate count, to

2

promote clarity.[2] Fed. R. Civ. P. 10.

Accordingly, it is hereby **ORDERED** that Plaintiff has until **October 3, 2025**, to amend his Complaint to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights. Failure of the Plaintiff to amend his Complaint by **October 3, 2025**, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[3] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[4].

The Clerk is directed to mail to a copy of this Order and a form Complaint to Plaintiff, who is acting *pro se*.

ENTER: September 3, 2025.



Omar J. Aboulhosn
United States Magistrate Judge

---

[2] In the "Statement of Claim" section of the form Complaint, plaintiffs are advised to set forth each claim in a separate paragraph and to attach extra sheets if necessary.

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[4] Rule 41.1 of the Local Rules provides:
> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.