IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROSS MATTHEW CATAFFO,     )
         )
     Plaintiff,     )
         )
v.     )     Civil Action No. 2:25-00524
         )
JACKSON COUNTY POLICE     )
DEPARTMENT, *et al.*,     )
         )
     Defendants.     )

## PROPOSED FINDINGS AND RECOMMENDATION

On September 2, 2025, Plaintiff, acting *pro se*,[1] filed an Application to Proceed Without Prepayment of Fees and Costs and a Complaint seeking relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Document Nos. 1 and 2.) By Order entered on September 3, 2025, this Court determined that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs was deficient because the Certificate portion at the end of the Application was not completed by a prison official. (Document No. 4.) Thus, the undersigned directed that Plaintiff either submit a properly completed Application to Proceed Without Prepayment of Fees and Costs or pay the filing and administrative fee totaling $405.00 by October 3, 2025. (Id.) The undersigned specifically notified Plaintiff that failure to comply with the foregoing requirements by October 3, 2025, "will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.)

Following an initial screening of Plaintiff's case, the undersigned also noted that Plaintiff

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

had failed to state a plausible claim against Defendants. By separate Order also entered on September 3, 2025, the undersigned directed Plaintiff to amend his Complaint by October 3, 2025, "to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights." (Document No. 5.) The undersigned specifically notified Plaintiff that "[f]ailure of the Plaintiff to amend his Complaint by **October 3, 2025**, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.)

On September 15, 2025, Plaintiff filed his Amended Complaint. (Document No. 6.) As Defendants, Plaintiff names the following: (1) Jackson County Police Department; (2) Rodger Lambert, Public Defender; and (3) Leah Macia, Public Defender. (Id.) Many of the allegations contained in the "Statement of Claim" section are illegible. (Id., pp. 4 – 5.) Plaintiff, however, appears to allege that Jackson County Police Department has been harassing him for more than 10 years. (Id.) Next, Plaintiff states that Judge Casto[2] abuses her power and sweeps things under the rug. (Id.) Plaintiff further contends that Judge Casto has been manipulating his case from the start. (Id.) Plaintiff then concludes that the Jackson County Police Department is "crooked" and "needs fired and scrubbed out." (Id.) As relief, Plaintiff requests monetary damages. (Id., p. 5.) On September 22, 2025, Plaintiff filed another document in support of his Amended Complaint. (Document No. 7.) Again, this document contains some illegible statements. (Id.) Plaintiff appears to repeat his allegations that he has been harassed by the Jackson County Police Department for ten years. (Id.) Plaintiff also argues that Judge Casto had a conflict of interest. (Id.)

A review of the docket sheet, however, reveals that Plaintiff has not responded to the Court's Order that was entered more than four months ago directing Plaintiff to either file a

---

[2] Jackie Bell Casto was a Jackson County Magistrate, who retired on December 31, 2024.

properly completed Application to Proceed Without Prepayment of Fees and Costs or pay the filing and administrative fee totaling $405.00. (See Document No. 4.)

### THE STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct.

285, 50 L.Ed.2d 251 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (1978). Liberal construction,

however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because

this would place a court in the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." <u>Miller v. Jack</u>, 2007 WL 2050409, at * 3 (N.D.W.Va.

2007)(citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction

does not require the "courts to conjure up questions never squarely presented to them." <u>Beaudett</u>

<u>v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct

legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the

requirement of liberal construction does not mean that the Court can ignore a clear failure in the

pleadings to allege facts which set forth a claim currently cognizable in a federal district court.

<u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint

can be remedied by an amendment, however, the District Court may not dismiss the Complaint

with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34, 112 S.Ct.

1728, 1734, 118 L.Ed.2d 340 (1992); <u>also see</u> <u>Goode v. Central Va. Legal Aide Society, Inc.</u>, 807

F.3d 619 (4th Cir. 2015).

## **ANALYSIS**

1.      **Failure to Prosecute:**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local

Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[3] <u>See</u>

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these
> rules or any order of court, a defendant may move to dismiss the action or any claim against it.
> Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any
> dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to

4

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The

authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure

to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd.,

381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case

for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting

Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal
> issues have been adjudicated or have become moot, or that the parties have shown
> no interest in further prosecution, the judicial officer may give notice to all counsel
> and unrepresented parties that the action will be dismissed 30 days after the date of
> the notice unless good cause for its retention on the docket is shown. In the absence
> of good cause shown within that period of time, the judicial officer may dismiss the
> action. The clerk shall transmit a copy of any order of dismissal to all counsel and
> unrepresented parties. This rule does not modify or affect provisions for dismissal
> of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the

case," in determining whether to dismiss a case involuntarily for want of prosecution, the District

Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be

applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular

circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration

of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for

his lack of participation. Plaintiff has done absolutely nothing to demonstrate an interest in

---

join a party under Rule 19 - - operates as an adjudication on the merits.

prosecuting this action since September 22, 2025. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect.[4] Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the Defendants. No Defendant has not been served with process in the above case. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The undersigned finds that Plaintiff has a history of dilatory action. Specifically, Plaintiff failed to comply with the Court's Orders and Notices to complete and return his Applications to Proceed Without Prepayment of Fees and Costs and to amend his complaints in other actions filed in this Court warranting recommendations for dismissal for failure to prosecute. See Cataffo v. Econo Lodge, Case No. 2:25-cv-00537, Document No. 6; Cataffo v. VA Medical Center, et al., Case No. 2:25-cv-00522, Document No. 5; Cataffo v. Empire Construction Supply, et al., Case No. 2:25-cv-00523, Document No. 7; Cataffo v. Murphys Water Well Bits, et al., Case No. 2:25-cv-00525 Document No. 7; Cataffo v. Christopher Lavine, et al., Case No. 2:25-cv-00532, Document No. 5. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either

---

[4] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked

lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An

assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status

as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of

Plaintiff's failure to respond to the Court's Order directing a response by Plaintiff. (See Document

No. 4.) In consideration of all factors, the undersigned concludes that dismissal for failure to

prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed

unless Plaintiff is able to show good cause for his failure to prosecute.

**2.      Failure to State a Cognizable Claim:**

In the alternative, the undersigned recommends that Plaintiff's above action be dismissed

for failure to state a cognizable claim. Plaintiff completely fails to comply with the Court's

instructions to amend his Complaint "to specifically set forth his constitutional claims and state

specific facts as to how each defendant violated his constitutional rights." (See Document No. 5.)

First, the undersigned considers Plaintiff's allegations against the Jackson County Police

Department. (Document Nos. 6 and 7.) Plaintiff merely concludes that the Jackson County Police

Department has harassed him for ten years and he is entitled to monetary damages. (Id.) Title 42

U.S.C. § 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State ... subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or other proper proceeding for
> redress.

Id. Local government units are "persons" under Section 1983 and are subject to suit. Monell v.

Dep't of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability of a

local government, however, must be direct. Id.("[A] municipality cannot be held liable *solely*

because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under §

1983 on a *respondeat superior* theory.")(emphasis in original); also see Board of County

Commissioners of Bryan County v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.

626 (1997)(finding that a local government is liable under Section 1983 only when "through its

deliberate conduct, the [local government] was the 'moving force' behind the injured alleged.")

Thus, a respondeat superior theory of liability is insufficient. Id.; also see Iqbal, 556 U.S. at 677,

129 S.Ct. at 1949("In a § 1983 suit or a *Bivens* action – where masters do not answer for the torts

of their servants—the term 'supervisory liability' is a misnomer. Absent vicarious liability, each

Government official, his or her title notwithstanding, is only liable for his or her own misconduct.")

A local government cannot be sued under Section 1983 for injuries caused by its employees or

agents unless it is the "execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy" that

cause the injury. Monell, 436 U.S. at 694, 98 S.Ct. 2018; also see Semple v. City of Moundsville,

195 F.3d 708, 712 (4th Cir. 1999)("[P]laintiffs seeking to impose liability on a municipality must,

therefore, adequately plead and prove the existence of an official policy or custom that is fairly

attributable to the municipality and that proximately caused the deprivation of their rights.") A

local government establishes a "policy or custom" in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through
> the decisions of a person with final policymaking authority; (3) through an
> omission, such as a failure to properly train officers, that "manifest[s] deliberate
> indifference to the rights of citizens"; or (4) through a practice that is so "persistent
> and widespread" as to constitute a "custom or usage with the force of law."

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003)(quoting Carter v. Morris, 164 F.3d 215, 218 (4th

Cir. 1999).

Plaintiff's Amended Complaint is utterly devoid of any allegations to impose Monell

liability against the Jackson County Police Department. (Document Nos. 6 and 7.) Plaintiff merely

concludes that the Jackson County Police Department has harassed him for ten years and he is

entitled to monetary damages. Plaintiff, however, fails to sufficiently allege a policy or custom

such that the Jackson County Police Department can be held liable under Section 1983.

Specifically, Plaintiff fails to set forth any factual allegation concerning policymakers for the

Jackson County Police Department. "[T]he Supreme Court has rejected the notation that 'a § 1983

plaintiff [can] . . . establish municipal liability without submitting proof of a single action taken by

a municipal policymaker.'" Doe v. Broderick, 225 F.3d 440, at 456 (4th Cir. 2000)(citing City of

Oklahoma City v. Tuttle, 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Therefore,

the undersigned finds that Plaintiff only alleges conclusory allegations of municipal liability

without alleging any factual support concerning any policy or custom, any acts of final

policymaking authority, or specify what failure to train occurred. Accordingly, Plaintiff has failed

to state a cognizable claim against the Jackson County Police Department.

Second, Plaintiff alleges that Judge Casto abused her power, swept things under the rug,

had a conflict of interest, and manipulated Plaintiff's case. (Document Nos. 6 and 7.) The

undersigned notes that Judge Casto was not named as a Defendant in Plaintiff's Amended

Complaint. (Document No. 6.) Even assuming Judge Casto was named as Defendant, Plaintiff has

failed to state a cognizable claim. "Few doctrines were more solidly established at common law

than the immunity of judges from liability for damages for acts committed within their judicial

jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S.

335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419, 96 S.Ct. 984,

990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the

clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331

(1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity,

however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v.

Houck, 181 Fed.Appx. 372, 372 (4th Cir. 2006) (quoting Mireles v. Waco, 502 U.S. 9, 12-13, 112

S.Ct. 286, 116 L.Ed.2d 9 (1991)). "This immunity applies even when the judge is accused of acting

maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt

judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to

exercise their functions with independence and without fear of consequences." Id. (adopting

doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based

upon the allegations contained in the Amended Complaint, the undersigned finds that the Judge

Casto is absolutely immune from suit. As stated above, judges have absolute immunity for their

judicial acts even when the judge is accused of acting maliciously and corruptly. Therefore, the

undersigned respectfully recommends that Plaintiff's claim be dismissed.

   Finally, Plaintiff names Public Defenders Leah Macia and Rodger Lambert as Defendants.

(See Document Nos. 2 and 6.) Plaintiff, however, completely fails to set forth any factual

allegations against Public Defenders Macia and Lambert. (Id.) To state and prevail upon a claim

under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2)

committed an act which deprived him of an alleged right, privilege or immunity protected by the

Constitution or laws of the United States. The Court finds that Public Defenders Macia and

Lambert are not "state actors." It is well established that an attorney does not act under the color

of state law when retained or court-appointed. Vermont v. Brillon, 556 U.S. 81, 129 S.Ct. 1283,

1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is

not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453,

70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing

a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v.
Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color
of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547
F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is
not acting under color of state law, and therefore is not amenable to suit under § 1983."); Allen v.
Campbell, 2019 WL 6936729, * 3 (M.D.N.C. Dec. 19, 2019)(finding that the Public Defender's
Office, and those attorneys employed as public defenders, are not state actors); Pretty v. Campbell,
2019 WL 4720983, * 4 (E.D.Va. Sept. 26, 2019)(finding that "[p]rivate attorneys and public
defenders do not act under color of state or federal authority when they represent defendants in
criminal proceedings"); Kirk v. Curran, 2009 WL 2423971, * 1 (W.D.N.C. Aug. 4, 2009)("neither
public defenders nor private criminal attorneys are 'state actors' under 1983"), aff'd, 357
Fed.Appx. 529 (4th Cir. 2009); Curry v. South Carolina, 518 F.Supp.2d 661 (D.S.C. June 20,
2007)(finding that the neither the public defender nor the public defender's office are state actors).
Based on the foregoing, the undersigned finds that Plaintiff cannot pursue a Section 1983 claim
against Public Defenders Macia and Lambert.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm
and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's
Application to Proceed Without Prepayment of Fees (Document No. 1), **DISMISS** Plaintiff's
Complaint and Amended Complaint (Document Nos. 2, 6, 7), and **REMOVE** this matter from the
Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is
hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene

C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: January 21, 2026.



Omar J. Aboulhosn
United States Magistrate Judge